UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW WAYNE FOWLER,

                                Petitioner,

        v.

JEFFREY A UTTECHT,

                                Respondent.

Case No. 3:20-cv-05214-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for November 6, 2020

Petitioner, Matthew Wayne Fowler, proceeds *pro se* in this federal habeas action brought pursuant to 28 U.S.C. § 2254 and filed on March 9, 2020. *See* Dkts. 1, 4. After reviewing the petition, the Court declined to serve the petition, but gave petitioner an opportunity to show cause why this case should not be dismissed as unexhausted. *See* Dkt. 5. Petitioner requested and was granted an extension of time to respond to the Court's Order to Show Cause. Dkts. 8, 9. On October 5, 2020, petitioner filed a response to the Court's Order to Show Cause. Dkt. 10.

The Court recommends dismissal of the petition without prejudice as unexhausted. And, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his 2019 conviction and sentence under case number 18-1-02953-0 for Second Degree Child Rape.[1] Dkts. 1, 4. In his petition, petitioner contends

---

[1] The Court notes that in his original proposed petition filed with the Court, petitioner stated the date of his judgment of conviction and date of sentencing was May 10, 2019. Dkt. 1. Petitioner subsequently filed another petition stating the date of his judgment of conviction and date of sentencing was July 27, 2018. Dkt. 4. To resolve the discrepancy, the Court examined the relevant state court records related to petitioner's state court criminal case number; those records indicated petitioner was arrested on July 28, 2018, (with an offense date of July 27, 2018), he pled guilty on May 10, 2019 and his judgment of conviction and sentence was entered on July 24, 2019. The Court takes judicial notice of Pierce County

REPORT AND RECOMMENDATION - 1

1    his federal constitutional rights were violated under the Fifth, Thirteenth and Fourteenth

2    Amendments, as well as Article IV and Article VI, because he was not charged by

3    Grand Jury Indictment. Dkt. 4, at 5-12.

4         Petitioner states he has not appealed his judgment and sentence, nor has he

5    raised his claims through a post-conviction motion or petition for habeas corpus in a

6    state trial court. Dkt. 4, at 1-12. Petitioner indicates that he does not intend to bring his

7    claims to the state courts—state courts would never have the opportunity to consider

8    the habeas claims raised in his federal petition—asserting that the state courts lack

9    jurisdiction over issues that are raised under the United States Constitution.[2] Dkt. 4, at

10   5-12. However, the exhaustion of state court remedies is a prerequisite to granting a

11   petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).

12        By order dated April 29, 2020, petitioner was given an opportunity to show cause

13   why his petition should not be dismissed as unexhausted. *See* Dkt. 5. Petitioner

14   subsequently filed a response to the Order to Show Cause. Dkt. 10. Petitioner does not

15   dispute that he has not presented the claims raised in his petition to the highest state

16

17   _____

18   Superior Court Criminal Case No. 18-1-02953-0, located at
     https://linxonline.co.pierce.wa.us/linxweb/Case/CriminalCase.cfm?cause_num=18-1-02953-0. *See* Fed.
     R. Evid. 201(b) (The Court "may judicially notice a fact that is not subject to reasonable dispute because it
19   ... can be accurately and readily determined from sources whose accuracy cannot reasonably be
     questioned"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (Courts
20   may take judicial notice of "court filings and other matters of public record" under Fed.R.Evid. 201(b)); *In
     re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014); *Burbank–Glendale–Pasadena Airport Auth. v. City of
     Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (court may take judicial notice of court filings and other
21   matters of public record). The Court notes that petitioner confirmed July 24, 2019 as the date of his
     judgment and sentence in his response to the Court's Order to Show Cause. Dkt. 10.
22   [2] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in
     response to the question of whether all grounds for relief raised in the petition have been presented to the
23   highest state court having jurisdiction. Dkt. 4, at 12. The Court interprets this as a typographical or
     scrivenor's error, because petitioner makes clear in his explanation to the question that "**no grounds
     herein have been raised at the state level**, as the state has no jurisdictional authority over federal
24   constitutional matters." *Id.* (emphasis added).

25

court, but he argues the Court should, nevertheless, consider his claims. *Id.* As discussed below, none of petitioner's arguments excuse petitioner's failure to exhaust his claims in state court and, as such, the petition should be dismissed without prejudice.

DISCUSSION

**A.      Habeas Corpus Petition – Failure to Exhaust State Court Remedies**

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that petitioner's federal habeas petition should be dismissed without prejudice as unexhausted. Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and, as such, his petition is not eligible for federal habeas review. Dkt. 4, at 1-12. Exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).[3] Petitioner indicates that he does not intend to bring his claims to the state courts, asserting that the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 4, at 5-12.

A state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of federal habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity,

---

[3] 28 U.S.C. §2254 (b)(1) provides, in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
  (A)  (A) the applicant has exhausted the remedies available in the courts of the State; or
  (B)  (i) there is an absence of available State corrective process; or
         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

REPORT AND RECOMMENDATION - 3

1   intended to afford the state courts the "initial opportunity to pass upon and correct alleged

2   violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)

3   (emphasis added). This is appropriate, because "state courts, like federal courts, are

4   obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To

5   properly exhaust their federal claims, a would-be habeas petitioner must finish "one

6   complete round of the State's established appellate review process," up to the highest

7   state court with powers of discretionary review. *Id.*, at 845.

8       A federal court must dismiss a federal habeas corpus petition if its claims are

9   unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua*

10  *sponte* authority to examine the question of exhaustion at this stage of review. *Campbell*

11  *v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state

12  remedies have been exhausted even if the state does not raise the issue").

13      Petitioner must raise the grounds for relief contained in his habeas petition to the

14  Washington Court of Appeals and Washington Supreme Court. Petitioner contends he

15  has not presented his grounds for relief to the state courts because the state courts lack

16  the "jurisdictional authority to decide on United States Constitution matters, which are

17  outside of its jurisdictional or statutory governing limits." Dkt. 4, at 5-12.

18      This argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of

19  state courts to adjudicate whether the federal constitutional rights of a state criminal

20  defendant were violated. Federal habeas relief is available to address where the state

21  court's adjudication was "contrary to, or an unreasonable application of, clearly

22  established federal law, as determined by the Supreme Court of the United States." 28

23

24

25

1   U.S.C. § 2254(d)(1). As the petition plainly states, petitioner has not properly exhausted

2   his claims for relief in the state courts.

3       In his response to the Court's Order to Show Cause, petitioner appears to argue

4   the Court has jurisdiction over his unexhausted claims pursuant to 28 U.S.C. § 2241[4],

5   28 U.S.C. § 1343,[5] and 42 U.S.C. § 1981[6]. Dkt. 10. Petitioner, however, readily

6   acknowledges that he has submitted a writ of habeas corpus pursuant to 28 U.S.C. §

7   2254 and that he is challenging his state court judgment of conviction pursuant to which

8   he is "illegally and unlawfully imprisoned." Dkt. 4. "[W]hen a prisoner is in custody

9   pursuant to a state court judgment, § 2254 constitutes his only habeas remedy for any

10  challenge to his detention, regardless of the nature of such a challenge." *Krause v.*

11  *Stewart*, No. C19-1421-MJP, 2019 WL 6732015, at *2 (W.D. Wash. Sept. 13, 2019),

12  *report and recommendation adopted*, No. C19-1421 MJP, 2019 WL 6728740 (W.D.

13  Wash. Dec. 11, 2019); *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)

14  (holding § 2254 was a state prisoner's exclusive remedy when he sought to challenge

15  his transfer from a state prison to a privately-run prison in another state). Accordingly,

16

17  [4] Section 2241, provides the authority for granting habeas relief to a person "who is not in custody
    pursuant to a state court judgment" but, rather, who is in custody for some other reason, such as pretrial
18  detention or awaiting extradition. *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004); *see also Stow v.
    Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (Section 2241's general grant of habeas authority is
19  available to someone who is not in custody pursuant to a state court judgment, such as someone in a
    criminal trial or awaiting extradition).
20  [5] 28 U.S.C. § 1343 confers original jurisdiction on the district court to "redress the deprivation, under color
    of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity
21  secured by the Constitution of the United States...." 28 U.S.C. § 1343.) But a civil rights action under 28
    U.S.C. § 1343 "cannot be used by a state prisoner to circumvent the" exhaustion requirement of 28
    U.S.C. § 2254. *Smartt v. Avery*, 411 F.2d 408, 409 (6th Cir. 1969); *accord Ney v. State of Cal.*, 439 F.2d
22  1285, 1286 (9th Cir. 1971); *Fisher v. Planet*, No. LA CV 14-04450-VBF, 2014 WL 4664510, at *1 (C.D.
    Cal. Sept. 18, 2014).
23  [6] 42 U.S.C. § 1981 prohibits racial discrimination by private parties or through state action pertaining to
    the making and enforcing of contracts as well as the exercise of other rights under the law. 42 U.S.C. §
24  1981; *see Cox v. United States*, No. 17-cv-00001 JMS-KSC, 2017 WL 2385341, at *8 (D. Haw. May 31,
    2017).

25

petitioner's arguments submitted in this response to the Court's Order to Show Cause do not provide a basis for avoiding the exhaustion requirement for petitioner's 2254 habeas petition.

Petitioner also appears to argue in response to the Court's order to show cause that effective state remedies are unavailable to him because the state has enacted a constitution which conflicts with the federal constitution and, therefore, presentation of his claims to the state court would be futile. *See* Dkts. 4, 10. However, state courts are "equally bound to guard and protect rights secured by the [federal] Constitution," *Ex parte Royall*, 117 U.S. 241, 251 (1886); *Duckworth v. Serrano*, 454 U.S. 1, 3–4 (1981). Petitioner's argument does not demonstrate the absence of effective state court remedies but, rather, simply reflects petitioner's assumption that the state court would be unsympathetic to his claims.

But even if the petitioner believes it would be futile to argue his Constitutional claims to the state courts because he does not believe he would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default." *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988); *see Engle v. Isaac*, 456 U.S. 107, 130, 102 S. Ct. 1558, 1573, 71 L. Ed. 2d 783 (1982) (Rejecting habeas petitioner's argument that exhaustion of state remedies would have been futile and explaining "[i]f a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.").

1    The Court notes that petitioner also makes statements in his response to the

2    Court's Order to Show Cause related to his criminal case. Specifically, he claims the

3    police "entrapped" him in order to charge him with a crime and that his attorney failed to

4    show him all of the discovery he obtained, pressured him into pleading guilty, and never

5    presented his history and character evidence to the court. Dkt. 10, at 13-20. But these

6    issues are not raised as separate grounds for relief in his habeas petition nor does

7    petitioner indicate he is seeking to amend his petition to add these claims or that he has

8    raised and exhausted these claims in state court.

9    Petitioner has not presented the claims raised in his petition to the highest state

10   court and presents no colorable claim that an exception to the exhaustion requirement

11   applies in his case. Accordingly, petitioner is not eligible for federal habeas review.[7] [8]

12

13   [7] The Court notes that several similar petitions by different petitioners presenting the same grounds for
     relief and offering the same explanation for failure to exhaust state judicial remedies have been
14   considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to
     exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-
15   MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court
     remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019)
     (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*,
16   Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court
     remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*,
17   Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court
     remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case
18   No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court
     remedies and because grounds raised in petition are without merit).

19   [8] The Court also notes that it appears that petitioner's substantive constitutional claims also lacks merit
     as it has long been settled that there is no denial of Federal Constitutional rights involved in the
20   substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v.
     People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential
21   to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant
     by criminal information). This rule has been specifically applied to Washington's state practice of
     prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928);
22   *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT
     (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds
23   raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019)
     (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without
24   merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to
     exhaust state court remedies and because grounds raised in petition are without merit). However, the

25

1  Dkt. 5, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing

2  *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must

3  have been exhausted *at the time of filing.*") (emphasis added).

### CONCLUSION AND DEADLINE FOR OBJECTIONS

5  For the foregoing reasons, this Court recommends that petitioner's federal

6  habeas corpus petition (Dkt. 4), and this action, be **dismissed without prejudice as**

7  **unexhausted.**

8  A petitioner seeking post-conviction relief under § 2254 may appeal a district

9  court's dismissal of his federal habeas petition only after obtaining a certificate of

10  appealability from a district or circuit judge. A certificate of appealability may issue only

11  where a petitioner has made "a substantial showing of the denial of a constitutional right."

12  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that

13  jurists of reason could disagree with the district court's resolution of his constitutional

14  claims or that jurists could conclude the issues presented are adequate to deserve

15  encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

16  Under the above standard, this Court should **deny a certificate of appealability.** A

17  proposed order accompanies this Report and Recommendation.

18  The parties have **fourteen (14) days** from service of this Report and

19  Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule

20  of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in

21  a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

---

Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

REPORT AND RECOMMENDATION - 8

1   (1985). Accommodating the above time limit, the Clerk shall set this matter for

2   consideration on **November 6, 2020**, as noted in the caption.

3          Dated this 19th day of October, 2020.

Theresa L. Fricke
United States Magistrate Judge